Filed 4/16/14  P. v. Montalbo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID GARCIA MONTALBO,<br><br>Defendant and Appellant. | F066170<br><br>(Super. Ct. No. 1211768)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P.J., Poochigian, J. and Franson, J.

In exchange for an indicated sentence of 32 years, appellant David Garcia Montalbo, in January 2010, pleaded no contest to two counts of attempted robbery (Pen. Code, §§ 211, 664),[1] two counts of assault with a firearm (§ 245, subd. (a)(2)) and a single count of active participation in a criminal street gang (§ 186.22, subd. (a)), and admitted the following enhancement allegations: He committed both attempted robberies and both assaults for the benefit of, at the direction of, or in association with, a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)); he personally used a firearm in committing both attempted robberies (§ 12022.53, subd. (b)) and both assaults (§ 12022.5, subd. (a)); and in committing the count 1 offense, he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)).

In February 2010, appellant moved to withdraw his plea, and the court denied the motion and imposed the indicated 32-year prison term.

In April 2010, appellant filed a timely notice of appeal. In that appeal, *People v. Montalbo*, case No. F060053, in August 2011, this court found that the court erred in deciding appellant's motion to withdraw his plea without any input from appellant, reversed the judgment, remanded the matter for the limited purpose of allowing appellant to file a motion to withdraw his plea pursuant to section 1018, and directed that if appellant failed to file such a motion, or if the motion was denied, the trial court was to reinstate the judgment.[2]

On September 12, 2012, appellant filed a notice of motion to withdraw his plea. On September 21, 2012, after a hearing, the court denied the motion. The instant appeal followed.

---

[1]     All further statutory references are to the Penal Code.

[2]     Appellant has requested that we take judicial notice of our opinion in appellant's previous appeal and the trial in that case. There was no trial, and we treat appellant's request as extending to the entire record on appeal. We grant that request.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## BACKGROUND

At the September 21, 2012 hearing, appellant testified to the following. His case was set for trial on January 5, 2010. On that day, the court made its indicated sentence "offer" sometime prior to 11:30 a.m., and court reconvened at approximately 1:45 p.m. At the time appellant entered his plea, he was "under extreme duress" because he "was given but two hours to decide [whether to plead no contest in exchange for the 32-year indicated sentence]." He did not have "enough time to really consider all the pros and cons of plea bargaining" and "to make an informed decision."

Appellant admitted that prior to entering his plea, he confirmed, in response to questioning by the court, that he agreed to waive "every constitutional right available to [him]" and that he understood "the consequences of pleading guilty to these charges."

The transcript of the January 5, 2010 plea proceeding indicates that appellant also confirmed, in response to questioning from the court, that he had "had enough time to talk to [his] lawyer and tell him all the facts and circumstances [appellant knew] about the case"; that appellant understood "the nature of the charges," and that he was "pleading no contest freely and voluntarily."

In denying appellant's plea withdrawal motion, the court found that appellant had failed to show "by clear and convincing evidence that this plea was taken under extreme duress or some type of mistake."

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

**DISPOSITION**

We grant appellant's request for judicial notice of the record on appeal in *People v. Montalbo*, case No. F060053, and our opinion in that case.

The judgment is affirmed.